IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL A. BENSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 06-84-SLR |
| ) | |
| THOMAS CARROLL, ) | |
| Warden, and CARL C. ) | |
| DANBERG, Attorney ) | |
| General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

### O R D E R

At Wilmington this 28th day of February, 2006;

IT IS HEREBY ORDERED that:

1. Petitioner Michael A. Benson's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED and the writ is DENIED. (D.I. 1.) The instant application is petitioner's second habeas challenge to his 1998 conviction and sentence. The court denied petitioner's first § 2254 application as time-barred, Benson v. Carroll, 2004 WL 1151547 (D. Del. May 18, 2004), which constitutes an adjudication on the merits for the purpose of determining if a habeas petition is second or successive under 28 U.S.C. § 2244. See Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for

successive purposes). The record reveals that petitioner did not obtain permission from the Court of Appeals for the Third Circuit to file a second or successive habeas application. See 28 U.S.C. § 2244(b)(1). Therefore, the court does not have the authority to review the instant application. See 28 U.S.C. § 2244(b)(1); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

2. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2 (2002).

3. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the clerk shall forthwith serve a copy of the petition and this order upon: (1) the above-named warden of the facility in which petitioner is housed; and (2) the Attorney General for the State of Delaware.

4. The clerk shall also send a copy of this order to petitioner at his address on record.

_____
United States District Court